Johnson J.
delivered the opinion of the Court.
It is not denied that as a sole trader, if in point of fact, the plaintiff was such, she had a right to sue in her own name, joining her husband for conformity sake. Now the rule that a plea to the merits admits the right in which the plaintiff sues, is founded upon the principle that what is affirmed by one and not denied by the other, is taken for granted; A. affirms that B. is indebted to him on bond, and refuses payment, and B. answers, I have paid that bond. This is not in terms an admission that he made the bond, but that is necessarily implied from the averment that he had paid it, for it would not be supposed that he had paid a bond which he did not make, and it is the same principle, applied to the character in which the plaintiff sues. If one declares in assumpsit as executor, and defendant pleads non assumpsit, the right in which he sues is not controverted but impliedly admitted, the factum of the promise being the only matter put in issue, and of this our own books of reports furnish numerous examples. I cannot distinguish between those cases and that in hand. The plaintiff sues in a character in which, under given circumstances, she had a right to sue, the factum of the promise was the only thing put in issue by the plea. If the plaintiff was not entitled to sue in that character, her right to do so, might have been put in issue, by plea in abatement. The case of Bytherwood v. Coveringham at the last Term, proceeds on the same principle.
Motion granted.
O’Neall &, Harper, Js. concurred.